1  JAMES V. FAZIO, III (CSB NO. 183353)
   jamesfazio@sandiegoiplaw.com
2  TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
   trevorcoddington@sandiegoiplaw.com
3  CODY R. LEJEUNE (CSB NO. 249242)
   codylejeune@sandiegoiplaw.com
4  SAN DIEGO IP LAW GROUP LLP
   12526 High Bluff Drive, Suite 300
5  San Diego, CA 92130
   Telephone: (858) 792-3446
6  Facsimile:  (858) 408-4422

7
   Attorneys for Plaintiff,
8  KORE ESSENTIALS, INC.

9                **UNITED STATES DISTRICT COURT**

10               **SOUTHERN DISTRICT OF CALIFORNIA**

11

12 | KORE ESSENTIALS, INC., a         | CASE NO. **'17CV2129 AJB  JMA**
   | California corporation,          |
13 |                                  | **COMPLAINT FOR PATENT INFRINGEMENT**
   |        Plaintiff,                |
14 |                                  | **DEMAND FOR JURY TRIAL**
   |   vs.                            |
15 |                                  |
   | NEXBELT, LLC, a California limited |
16 | liability company; and DOES 1-10,  |
   | inclusive,                        |
17 |                                  |
   |        Defendants.               |
18

**COMPLAINT**

Plaintiff KORE ESSENTIALS, INC. ("Kore" or "Plaintiff") hereby complains of Defendant Nexbelt, LLC ("Nexbelt" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Plaintiff Kore is a California corporation with a principal place of business at 10965 San Diego Mission Road, San Diego, California 92108.

3. Upon information and belief, Defendant is a California limited liability company with a principal place of business at 9852 Crescent Center Drive, Suite 802, Rancho Cucamonga, California, 91730.

4. Kore is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. If applicable, Kore will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. Kore is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

## JURISDICTION AND VENUE

5. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Kore's claim of patent infringement, arises under the laws of the United States, including 35 U.S.C. § 271.

6. This Court has personal jurisdiction over Defendant because it resides in California and has a continuous, systematic and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including without limitation by selling, offering for sale, and/or using

infringing products in this District and by purposefully directing activities at residents of this District, by placing infringing products into the stream of commerce with the knowledge that such products would be sold and used in California and this District, all of which acts form a substantial part of the events giving rise to Kore's claims.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400 because Defendant is registered as a limited liability company in California, does business, has infringed, and continues to infringe United States Patent No. 9,615,631 ("the '631 Patent" or the "Patent-in-Suit") within this District, and this action arises from transactions of that business and that infringement. In addition, venue is proper because Kore resides is in this District and suffered harm in this District. Many pertinent witnesses including third party witnesses are also located in this District.

///

## FACTUAL BACKGROUND

8. Kore designs and sells, among other innovative products, patented and stylish ratchet belts including gun belts.

9. On April 11, 2017, the United States Patent & Trademark Office (PTO) duly and lawfully issued United States Patent No. 9,615,631 ("the '631 Patent"), entitled Ratchet Belt System and Related Accessories. A true and correct copy of the '631 Patent is attached hereto as Exhibit A and incorporated herein by reference. The '631 Patent claims priority to Provisional Application No. 61/896,605, and is a continuation-in-part of Application Number 15/008,394, which is a continuation-in-part of Application Number 14/218,887, filed on March 18, 2014.

10. The '631 Patent is owned, by way of assignment, by Plaintiff Kore Essentials, Inc.

11. The '631 Patent discloses a ratchet belt system, including a belt with a

-2-

COMPLAINT

notch strip extending along a portion of the length thereof.  The notch strip is formed of a plurality of adjacent notches, each being configured to engage a ratcheting tab of an associated buckle.  The belt is configured with a first belt layer, a second belt layer, and a monolithic insert disposed between the first and second layers.

12.   Defendant is and has been making, using, selling, offering for sale, importing, and/or exporting products that infringe the Patents-in-Suit, including without limitation, the Defender Black PreciseFit Gun Belt, Defender Brown PreciseFit Gun Belt, Gadsden Flag Black PreciseFit Gun Belt, Gadsden Flag Espresso PreciseFit Gun Belt, Heritage USA Embossed Pewter Aston Black Gun Belt, Thin Blue Line Series Gun Belt, Thin Red Line Series Gun Belt, Realtree Xtra Camo PreciseFit Gun Belt, Titan BD Black PreciseFit Gun Belt, Titan OD Green PreciseFit Gun Belt, Titan Tan PreciseFit Gun Belt, Titan Coyote PreciseFit Gun Belt, Brass Marine Glob with Espresso Strap, Marine Bulldog with Black Strap, and the Pewter Marine Globe with Black Strap (collectively, the "Accused Products").  The Accused Products may be purchased online at various websites such as www.nexbelt.com and www.amazon.com, as well as through various distributors, resellers and stores throughout the United States.

13.   Upon information and belief, Defendant has also partnered with Blade-Tech Industries, a manufacturer of gear for the concealed carry, military and law enforcement market, to manufacture and distribute the Accused Products

## FIRST CLAIM FOR RELIEF
### (Infringement of the '631 Patent)

14.   Plaintiff realleges and incorporates by reference the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

15.   Kore's website at www.koreessentials.com notes that its products are patented.

16. Defendant, by and through its agents, officers, directors, resellers, retailers, employees and servants, has been and is currently willfully and intentionally infringing the '631 Patent by making, using, offering to sell, selling, and importing into the United States the Accused Products, which embody one or more claims set forth in the '631 Patent.

17. For example, the PreciseFit Gun Belt line, which is representative of all the Accused Products, meets all the limitations set forth in claim 1 of the '631 Patent as indicated in the attached claim chart, Exhibit B, incorporated herein. This infringement chart is based on Kore's current understanding of the Accused Products, which only considers publicly available information. The chart does not set forth all of Kore's infringement theories – the Accused Products embody other claims set forth in the '631 Patent.

18. Kore reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Pursuant to CivLR 3.1, Kore will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement chart submitted herewith).

19. Upon information and belief, Defendant has generated significant sales of products incorporating the Plaintiff's patented technology, exposing Defendant to significant liability for its infringement of the '631 Patent.

20. Upon information and belief, unless enjoined, Defendant, and/or others acting on behalf of Defendant, will continue its infringing acts, thereby causing irreparable harm to Kore for which there is no adequate remedy at law.

21. As a result of Defendant's infringement of the '631 Patent, Kore has suffered and will continue to suffer harm and injury, including monetary damages in an amount to be determined at trial, and is entitled to recovery of all said damages.

22. This is an exceptional case entitling Kore to attorneys' fees and

-4-

**COMPLAINT**

enhanced damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of judgment in its favor and against Defendant as follows:

(a) Judgment that Defendant has infringed the '631 Patent, either literally and/or under the doctrine of equivalents;

(b) A permanent injunction under 35 U.S.C. § 283 enjoining Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the '631 Patent in violation of 35 U.S.C. § 271;

(c) An award to Kore of its lost profits and/or a reasonably royalty for Defendant's sales of the Accused Products;

(d) An award to Kore for pre-judgment and post-judgment interest;

(e) Judgment awarding Kore all of its costs, including its attorneys' fees, incurred in prosecuting this action, including, without limitation, pursuant to 35 U.S.C. § 285 and other applicable law;

(f) An order for a trebling of damages and/or enhanced damages due to Defendant's willful infringement under 35 U.S.C. § 284; and

(g) For such other and further relief as the Court deems just and proper.

Dated: October 16, 2017        SAN DIEGO IP LAW GROUP LLP

By: /s/Trevor Coddington/
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.
CODY R. LEJEUNE

Attorneys for Plaintiff,
KORE ESSENTIALS, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: October 16, 2017     SAN DIEGO IP LAW GROUP LLP


By: /s/Trevor Coddington/
JAMES V. FAZIO, III
TREVOR Q. CODDINGTON, PH.D.
CODY R. LEJEUNE

Attorneys for Plaintiff,
KORE ESSENTIALS, INC.