UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KORE ESSENTIALS, INC.<br><br>Plaintiff,<br><br>v.<br><br>NEXBELT, LLC; and<br>DOES 1-10, inclusive,<br><br>Defendant<br>_____<br><br>AND RELATED COUNTERCLAIMS. | Case No.: 17cv2129-CAB (LL)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE FACT AND EXPERT DISCOVERY DEADLINES**<br><br>**[ECF No. 52]** |

On January 18, 2019, the parties filed a joint motion requesting that the Court continue deadlines for fact discovery, expert designations, and expert disclosures by varying lengths of time between fifteen days and thirty-six days.[1] ECF No. 52. The parties acknowledge that this is their third request to continue discovery deadlines, which the Court granted on October 10, 2018 and granted in part on November 30, 2018. Id. at 2. In

---

[1] Specifically, the parties request to continue (1) the initial date for the substantial completion of document discovery including electronically stored information by twenty-eight days, (2) fact discovery completion by thirty-six days, (3) supplemental expert designation by fifteen days, (4) expert disclosures by thirty-one days, and (5) rebuttal expert disclosures by twenty days. ECF No. 52 at 3.

support, the parties state that they are "actively engaged in meet and confer efforts regarding document production" and that "[o]nce the Parties mutually agree that document production has been substantially completed, the Parties need sufficient time to evaluate the productions and to prepare for and take fact depositions." Id. at 2. The parties further state that written discovery is complete and that Robert Muller, lead counsel for Nexbelt, recently learned that his client will testify at trial in Washington, D.C. in a separate case during the week of February 4, 2019. Id. at 3.

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); see also ECF No. 24 at 8 (stating that dates and times "will not be modified except for good cause shown"). The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

The Court has reviewed the joint motion and finds that the parties have failed to establish good cause for modifying the Case Management Scheduling Order for a third time. The initial scheduling order was issued on February 12, 2018. ECF No. 24. On October 11, 2018, the Court granted the parties request to continue the deadlines for (1) the initial date for the substantial completion of document discovery by sixty-two days and (2) fact discovery completion by sixty-two days. ECF No. 44. On November 29, 2018, the parties submitted a joint motion to continue (1) the initial date for the substantial completion of document discovery including electronically stored information by forty-eight days, (2) fact discovery completion by forty-eight days, (3) expert designation by forty-six days, (4) supplemental expert designation by forty-six days, (5) expert disclosures by forty-six days, (6) rebuttal expert disclosures by forty-six days, (7) expert discovery completion by twenty-eight days, and (8) filing of dispositive motions by fifteen days. ECF

No. 48 at 2-3. On November 30, 2018, the Court granted the request, but for a shorter amount of time than requested. ECF No. 49. Here, the parties are asking to extend deadlines that have already been previously extended either once or twice. Moreover, the parties have been aware since November 30, 2018, that the Court was not inclined to extend dates for the full length of time requested. Yet here, the parties are asking once again to extend the majority of those same dates. The parties have not established good cause for why they are unable to meet the current deadlines despite their reasonable diligence. Instead, it appears that despite being aware of the current extended deadlines since November 30, 2018, the parties wish to have additional time. The fact that Mr. Muller and his client must participate in a different litigation matter also does not establish good cause for being unable to meet the current deadlines despite reasonable diligence when there are also two other attorneys of record for Defendant. Because the parties have failed to demonstrate reasonable diligence and failed to show good cause for continuing fact and expert discovery deadlines, the Court **DENIES** the joint motion. See Life Technologies Corp. v. Ebioscience, Inc., 2012 WL 3628624, *3 (S.D. Cal. Aug. 21, 2012) ("failure to establish reasonable diligence alone warrants denial.").

**IT IS SO ORDERED**.

Dated: January 22, 2019

Honorable Linda Lopez
United States Magistrate Judge